UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD ADDISON MANZANO, <br><br> Plaintiff, <br><br> -against- <br><br> OLLO/CWS, <br><br> Defendant. | 24-CV-01245 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Donald Addison Manzano, who is appearing *pro se*, brings this action under the Fair Credit Reporting Act ("FCRA"). By order dated March 4, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Plaintiff provides only a post office box for Ollo/CWS, but the Marshals Service cannot serve a post office box. *See Abad v. Advanta Nat'l Bank*, No. 10-CV-1174, 2011 WL 13323549, at *1 (E.D.N.Y. Apr. 20, 2011) ("Shortly after her complaint was filed, the Court instructed plaintiff to provide a proper address for defendant Advanta National Bank because the [U.S.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Marshals] cannot serve a post office box.'"); *Gustaff v. MT Ultimate Healthcare*, No. 06-CV-5496, 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007) ("The Second Circuit has held that *pro se* litigants proceeding [IFP] are entitled to rely on service by the U.S. Marshals Service. However, plaintiff is required to provide the information necessary for the Marshals to effect service."), *report and recommendation adopted*, 2007 WL 2028104 (E.D.N.Y. July 11, 2007)).

To allow Plaintiff to effect service on Ollo/CWS through the U.S. Marshals Service, the Clerk of Court is instructed to send to Plaintiff a U.S. Marshals Service Process Receipt and Return form ("USM-285 form"). Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for Ollo/CWS, provide a proper service address, and return the form to the Court.

Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail to Plaintiff an information package and a USM-285 form. Within thirty days of the date of this order, Plaintiff must, as outlined in this order, complete the USM-285 form and return it to the Court. Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the

paperwork necessary for the Marshals Service to effect service. If Plaintiff fails to timely comply with this order, the action may be dismissed without prejudice.

Plaintiff consents to electronic service.

SO ORDERED.

Dated: March 11, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge